EMPLOYER'S FIRE INS. CO. *v.* GREENVILLE BANK & TRUST CO.

(Division B. Dec. 13, 1937. Suggestion of Error Overruled Jan. 24, 1938.)

[177 So. 534. · No. 32931.]

**Butler & Snow**, of Jackson, and **S. V. Anderson**, of Greenville, for appellant.

**Percy & Farish**, of Greenville, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellant in the county court of Washington county on a fire insurance policy covering a Dodge automobile to recover the sum of $154. There was a judgment on the pleadings alone for the sum sued for, from which judgment appellant appealed to the circuit court of that county, where the judgment was affirmed, from which latter judgment this appeal is prosecuted.

The record consists of a declaration, two special pleas, one of which was abandoned, a demurrer to the special pleas, judgment sustaining the demurrer and final judgment for appellee on appellant's declining to plead further, and a judgment of the circuit court affirming that of the county court. The case made by the declaration is substantially this: Appellant issued a policy of in-

surance whereby it insured a certain Dodge automobile against loss by fire. W. H. Cadenhead was named as the assured. By its terms appellant agreed to pay Cadenhead and appellee, as their interests might appear, loss to the extent of $225 if the car was destroyed by fire. Cadenhead had purchased the car from McHie Motor Company under a retained title contract to secure the unpaid purchase money. The McHie Motor Company sold and transferred the contract for a valuable consideration to appellee. The car was totally destroyed by fire after the transfer. There was a balance due appellee under the contract of $154; for that amount it sued and recovered judgment. Copies of the retained title contract and the policy of insurance were made exhibits to the declaration.

Appellant's defense was that there was no liability because Cadenhead, in violation of the paragraph of the policy entitled ''Title and Ownership,'' had, after appellee's interest had been acquired and the insurance effected, sold and transferred the automobile to another without appellant's consent. In determining the question involved, the title and ownership paragraph of the policy should be considered in connection with the preceding paragraph entitled ''Lien and Encumbrance.'' They provide, among other things, that appellant should not be liable for any loss or damage to the car while subject to any lien or mortgage or other encumbrance, unless otherwise provided in a written agreement attached to the policy, and that the termination of the interest of the assured in the car by sale and transfer should avoid the policy ''except as to any lien, mortgage, or other encumbrance specifically set forth and described in Paragraph D of this policy.''

Appellant's position is that no lien or encumbrance on the car is described in paragraph D of the policy, therefore, the transfer by Cadenhead without appellant's consent avoided the policy. Appellee's position is the

converse. Paragraph B of the policy names Cadenhead as the assured, giving his address, and provides that in case of loss payment shall be made ''To Assured and Greenville Bank and Trust Company,'' as their interests may appear. That provision of paragraph D involved is in this language: ''The automobile described is fully paid for by the Assured and there is no Lien, Mortgage or other Encumbrance thereon, except as follows: Bal. $220. in 10 monthly notes of $22.00 each.''

A purchase-money retained title contract is in the nature of a mortgage to secure the unpaid purchase money; it is a charge or lien on the property for that purpose. It is true that the appellee's interest is not described with great particularity, but applying the universal rule that where there is doubt such a contract must be construed most favorably to the assured, we think it could mean nothing else than that appellee was the holder of a purchase-money lien against the car. The provision states that there is no lien of any kind, ''except as follows,'' then states that there is a balance due of $220 in ten monthly notes of $22 each.

Affirmed.